IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER PRESNIAKOV, | No. C 04-00831 JSW |
| Plaintiff, | **ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE** |
| v. | |
| RETAIL DISTRIBUTORS, LLC, et al., | |
| Defendants. / | |

## INTRODUCTION

On February 8, 2010, this Court issued an Order to Show Cause requiring the Plaintiff, Alexander Presniakov ("Presniakov"), to show cause as to why this matter should not be dismissed for failure to prosecute and why sanctions should not be imposed. Presiniakov filed a timely response to the Order to Show Cause, and Defendants submitted responses to the materials Presniakov submitted.[1] For the reasons set forth in the remainder of this Order, the Court HEREBY DISMISSES this action.

## BACKGROUND

Presniakov filed this lawsuit on February 27, 2004. Thereafter, Presniakov, through counsel, filed a request to continue the case management conference on the basis that the lawsuit had been filed to protect the statute of limitations and that, before serving the complaint, "we wanted to complete our investigation, and also have Mr. Presniakov complete his obligations pursuant to our retainer agreement." (Docket No. 3 (Request to Continue, ¶ 3).)

---

[1] The Court also has granted, in a separate order, Presniakov's application to submit a supplemental declaration in response to the Order to Show Cause.

1    After Presniakov served the complaint, Defendants, Retail Distributors, LLC and Ray
2 Wysocki (the "Retail Distributors defendants"), filed motions to dismiss or, in the alternative, to
3 compel arbitration. On March 29, 2005, Judge Jenkins, to whom the case was then assigned,
4 granted the Retail Distributors defendants' motion to compel arbitration and stayed the
5 litigation pending arbitration. Judge Jenkins also stayed the litigation against co-defendant Tara
6 Productions, Inc., which was not a signatory to the arbitration agreement. (*See* Docket No. 35.)

7    In December 2007, the parties submitted a joint status report, in which they advised the
8 Court that the arbitration had not gone forward, because Presniakov had not paid the arbitration
9 fees. Presniakov stated that he had not paid the fees, because he could not afford them. (*See*
10 Docket No. 37 (Joint Status Report at 2:3-3:3).)

11   On February 15, 2008, the litigation was reassigned to this Court. On February 21,
12 2008, having considered the parties' joint status report, the Court advised the parties that if
13 either party wished to lift the stay or to dismiss the action, they would be required to file a
14 properly noticed motion seeking such relief. Because neither party filed such a motion, the
15 Court set the matter down for a status conference. (Docket No. 40.) Presniakov did not appear
16 for that status conference. (Docket No. 41.) Therefore, on October 6, 2008, the Court issued an
17 Order to Show Cause requiring Presniakov to show cause why the case should not be dismissed
18 for failure to prosecute. (Docket No. 42.)

19   Based on Presniakov's response, which suggested that he either would file a motion to
20 lift the stay or would proceed with arbitration, the Court discharged the order to show cause.
21 However, the Court ordered that if Presniakov did not pursue the arbitration, he would be
22 required to file a motion to lift the stay by no later than October 31, 2008. The Court also
23 advised Presniakov that failure to comply with that deadline would result in dismissal of his
24 claims. (*See* Docket Nos. 43, 44.) Thereafter, because Presniakov did not file a motion to lift
25 the stay and because none of the Defendants moved to dismiss, the Court presumed the parties
26 were proceeding with arbitration and issued an order requiring the parties to submit joint status
27 reports to the Court regarding the status of arbitration. (Docket No. 45.)

28

On December 5, 2008, the parties filed status reports regarding the arbitration proceedings. According to the Retrail Distributors defendants, Presniakov had not taken steps to reinstate the arbitration proceedings. (*See* Docket No. 46.) In his status report, Presniakov stated that he had attempted to reinstate the arbitration proceedings. (*See* Docket No. 47.) On December 11, 2008, the Court issued an order setting a further status conference. (Docket No. 49.) Pursuant to the parties' stipulation, the Court continued the status conference, and it ordered that Presniakov and Mr. Wysocki both appear at that conference in person. (Docket No. 52.)

On February 6, 2009, the Court held the status conference. During that hearing, the Court advised Presniakov that he had "not prosecuted this case diligently." (Docket No. 56 (Feb. 6, 2009 Transcript ("Tr.") at 18:25).) In addition, the Court warned Presniakov that further delays would not be tolerated:

> Mr. Presniakov, you're the plaintiff. You brought the case. You're seeking relief from the relevant tribunal, whether or not it's the [American Arbitration Association] or the Court. You have an obligation to move the case along.
>
> It's four years old now.[2] It's a delinquent case on this Court's calendar. It's an albatross on the Court's docket. ... You still have an obligation to move this case along expeditiously. And if you don't, the case is going to be dismissed. And it may yet be dismissed because of what has happened.
>
> I make no judgment on that because there is nothing before me[3], but all I'm saying to you is[] this may be the first day of the rest of the life of this case, if it lives, and you better treat it like it was ... job number one for you. Otherwise, you're going to be thrown out of this court.

(Tr. at 20:4-19.)

Although Presniakov did attempt to proceed with arbitration, he once again has failed to pay fees necessary to move the arbitration forward. Accordingly, the Court issued the February 8, 2010 Order to Show Cause. (*See, e.g.,* Docket Nos. 79, 82, 83.)

---

[2] At that point, the case had been pending just under five years.

[3] The Court advised the Retail Distributors defendants that, if there was any delay attributable to Presniakov regarding the arbitration, and they believed a motion to dismiss was warranted, they could file a such a motion with the Court. (Tr. at 13:1-18; Docket No. 55.)

3

## ANALYSIS

"The district court has inherent power sua sponte to dismiss a case for lack of prosecution." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). However, because dismissal is such a severe penalty, it should be imposed "only in extreme circumstances." *Id.* The Court must weigh the following factors in order to determine whether dismissal is appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* In addition, "[a] dismissal for lack of prosecution must be supported by a showing of unreasonable delay." *Id.*

This case has been pending for over six years. Given that history, the Court concludes that public interest in the expeditious resolution of litigation has not been served. In addition, this Court has hundreds of other cases that also require its attention. However, it has expended a great deal of time on this particular case since it inherited this matter. At this juncture, it is time to remove the albatross that this case has become from the Court's docket. Accordingly, the first two factors weigh in favor of dismissal.

The Court also finds that Presniakov's lack of diligence in pursuing arbitration has become unreasonable. "Unreasonable delay creates a presumption of injury to the defendant." *Id.* (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). Presniakov initially was ordered to proceed with arbitration in 2005, but he failed to take the necessary steps to enable that arbitration to proceed and the matter was stalled for two years. This Court then gave Presniakov another chance to proceed with arbitration in the face of the Retail Distributor defendants' informal requests to dismiss this action. Once again, Presniakov did not pay the necessary arbitration fees in a timely fashion. Although he now has paid those fees, Presniakov did so only in the face of ths Court's most recent order to show cause. With respect to the Retail Distributors defendants, Presniakov's eleventh hour efforts come too late. Moreover, the delay in pursuing arbitration against the Retail Distributors defendants has precluded the parties

4

from reaching the claims against Tara Productions. Therefore, the Court finds that the risk of prejudice to each of the Defendants weighs in favor of dismissal.

The Court acknowledges the public policy favoring disposition of cases on their merits. However, in this case, after six years the parties have not yet begun to reach the merits of Presniakov's claims. Indeed, although the arbitrator permitted discovery, Presniakov did not engage and does not intend to engage in discovery. (*See* Docket No. 87 (Retail Distributors Defendants' Opp. to Plaintiff's Response to OSC at 2:17-20); Docket No. 91-1 (March 4, 2010 Supplemental Downing Declaration ¶ 4).) As such, the Court finds that this factor also weighs in favor of dismissal.

Finally, the Court has attempted less drastic sanctions in an effort to communicate to Presniakov, as well as his counsel, the need to pursue this case with diligence. Presniakov has not heeded those warnings. The Court recognizes that dismissal is a harsh remedy to be reserved for extreme circumstances, and it concludes that this case embodies those extreme circumstances. For the foregoing reasons, pursuant to Federal Rule of Civil Procedure 41(b), the Court HEREBY DISMISSES this action as to all Defendants as a result of Presniakov's failure to diligently prosecute this matter. If Defendants intend to pursue a motion for attorneys' fees and costs, they must file properly noticed motions with the Court.

## CONCLUSION

For the foregoing reasons, this matter is HEREBY DISMISSED. A separate judgment shall issue, and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 8, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE