**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER PRESNIAKOV,<br><br>    Plaintiff,<br><br>  v.<br><br>RETAIL DISTRIBUTORS, LLC, et al.,<br><br>    Defendants.<br>_____/ | No. C 04-00831 JSW<br><br>**ORDER DENYING MOTIONS FOR ATTORNEYS' FEES** |

Now before the Court for consideration are the Motion for Attorneys' Fees and Costs filed by Defendants Retail Distributors, LLC and Ray Wysocki (the "Retail Distributors defendants"), and the Motion for Attorneys' Fees and Costs filed by Tara Productions, Inc. ("Tara"). Having considered the parties' papers, including Plaintiff's untimely opposition, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument, VACATES the hearing set for April 30, 2010, and DENIES the motions.

On March 8, 2010, this Court entered an Order dismissing this action for failure to prosecute ("Dismissal Order"). The Dismissal Order sets forth the factual and procedural background of this case, and those facts shall not be repeated herein. The Defendants now move for the attorneys' fees and costs incurred in defending this litigation, and Retail Distributors also seeks the fees and costs incurred in connection with the arbitration proceedings that were ordered by Judge Jenkins.

Defendants ask the Court to award these fees and costs pursuant to its inherent powers.

The Supreme Court has recognized that "in narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). A prerequisite to an award of attorneys' fees under the Court's inherent powers is a finding that a counsel's or party's conduct "constituted or was tantamount to bad faith." *Id.* at 767; *see also Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001). Bad faith "includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). "An award of attorneys' fees under the bad faith exception is punitive, and the penalty can be imposed only in exceptional cases and for dominating reasons of justice." *Beaudry Motor Co. v. Abko Properties, Inc.*, 780 F.2d 751, 756 (9th Cir. 1986) (internal quotations and citations omitted).

As set forth in the Court's Dismissal Order, the Court concluded that Plaintiff's delay in pursuing arbitration became so unreasonable that dismissal of this action was warranted against all Defendants. However, the Court concludes that attorneys' fees are not warranted. The Court already has sanctioned Plaintiff for his actions by dismissing this case with prejudice, and it appears that the arbitration is proceeding.[1] The Court appreciates and shares Defendants' frustration with the manner in which this case proceeded. However, it cannot say that Plaintiff's conduct, or that of his counsel, constitutes or is tantamount to bad faith justifying an award of attorneys' fees. Accordingly, Defendants' motions are DENIED.

**IT IS SO ORDERED.**

Dated: April 26, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Although Defendants raised the issue of dismissal in a status report required by the Judge previously assigned to this case, when the undersigned advised them that any such relief should be made by way of a properly noticed motion, Defendants took no action.

2